Filed 4/20/26  In re R.S. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re R.S., a Person Coming Under the Juvenile Court Law. | |
| LAKE COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>A.S.,<br><br>     Defendant and Appellant. | A174814<br><br>(Lake County<br>Super. Ct. No. JV320688) |

**MEMORANDUM OPINION[1]**

A.S. (Mother) appeals from the juvenile court's order terminating her parental rights as to R.S. following a Welfare and Institutions Code section 366.26 hearing.[2]  Mother contends the Lake County Department of Social Services (the Department) failed to comply with the Indian Child Welfare Act

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)  On our own motion, we take judicial notice of the record filed in the dismissed appeal no. A173755 (Evid. Code, §§ 452, subd. (d), 459, subd. (a)), portions of which the parties cite in their briefing in this appeal.

[2] Undesignated statutory references are to the Welfare and Institutions Code.

1

of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related state law (§ 224 et seq.) by not questioning extended family members as to whether R.S. might be of Native American descent. The Department concedes that a conditional reversal and remand for the limited purpose of ensuring compliance with ICWA is warranted here. We agree and conditionally reverse and remand the matter to the juvenile court for compliance with ICWA's inquiry and notice requirements.

In August 2024, after R.S. sustained serious physical injuries, the Department detained R.S. and filed a petition alleging he came within section 300, subdivisions (a), (b)(1), and (j) (petition).

In its jurisdiction report, the Department stated ICWA may apply, as the paternal grandmother reported Native American ancestry. R.S.'s parents reported they do not have Native American ancestry. The report does not indicate whether the Department contacted other relatives about R.S.'s potential Native American ancestry, even though the notice for the jurisdiction hearing listed several living relatives, including a paternal grandfather and a paternal great-grandmother.

In January 2025, R.S.'s presumed father died. Shortly thereafter, the juvenile court sustained the petition as to Mother.

In its disposition report, the Department stated ICWA did not apply, noting that R.S.'s parents reported that they did not have Native American ancestry. Attached to the report was Mother's signed Judicial Council ICWA-020 form, indicating no Native American ancestry. The report made no mention of any efforts to ask other relatives whether R.S. had any Native American ancestry.

The juvenile court bypassed reunification services to Mother, found R.S.'s current out-of-home placement was appropriate, and set a selection

2

and implementation hearing under section 366.26.  In doing so, the court found ICWA did not apply.

Prior to the section 366.26 hearing, the Department filed an ICWA compliance report recommending a finding that ICWA did not apply. According to the report, the Department either contacted or attempted to contact R.S.'s parents, paternal grandmother, and several maternal relatives regarding potential Native American ancestry.  R.S.'s father reported potential Native American ancestry, and R.S.'s paternal grandmother "indicated that she is a descendant of the Choctaw people."  The report further stated that the Department mailed ICWA-030 forms to the "pertinent" tribes.  Two tribes responded by letter that the family members identified in the ICWA-030 form were not enrolled members and were not eligible for enrollment.  The third tribe provided no response.

At the ICWA compliance hearing, the juvenile court found the Department exercised due diligence to inquire whether R.S. had Native American heritage, R.S. was not an Indian child, and ICWA did not apply.

At the section 366.26 hearing, the juvenile court terminated Mother's parental rights and ordered a permanent plan of adoption.  Mother timely appealed.

Mother's sole contention on appeal is that the Department failed to comply with its duty of inquiry under ICWA because it did not attempt to locate or interview several paternal family members about R.S.'s potential Native American ancestry.  The Department asserts, and the record shows, that three of the paternal family members identified by Mother are deceased or likely deceased, but it agrees that a conditional remand is appropriate because the record is "not clear on the inquiries that were made" of R.S.'s paternal grandfather and one of his paternal great-grandmothers.  We agree.

3

Under ICWA, the juvenile court and the Department have an "affirmative and continuing duty to inquire" whether R.S. is or may be an Indian child. (§ 224.2, subd. (a).) Because this duty is a continuing one, a juvenile court has a *present* duty of inquiry even if it previously found a child was not an Indian child and that order has become final. (See *In re Isaiah W.* (2016) 1 Cal.5th 1, 10; *In re Michael V.* (2016) 3 Cal.App.5th 225, 233–234.) The duty of inquiry includes making "a meaningful effort to locate and interview extended family members to obtain whatever information they may have as to the child's possible Indian status." (*In re K.R.* (2018) 20 Cal.App.5th 701, 709.) This duty of inquiry "continues throughout the dependency proceedings." (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1132.)

As the Department concedes, the record does not indicate whether the Department attempted to contact and interview R.S.'s paternal grandfather and paternal great-grandmother regarding whether R.S. may be an Indian child. (§ 224.2, subd. (a).) In accepting the Department's concession and remanding for ICWA compliance, we do not mean to suggest the Department will necessarily fulfill its duty merely by consulting the two identified family members.

The order terminating parental rights is conditionally reversed. The matter is remanded to the juvenile court for compliance with ICWA's inquiry and notice requirements. If the juvenile court finds there has been adequate further inquiry and concludes ICWA does not apply, the court shall reinstate its order terminating parental rights. If the juvenile court concludes ICWA applies, it shall proceed in accordance with ICWA and California's implementing provisions.[3] (See *In re Dezi C.*, *supra*, 16 Cal.5th at p. 1152.)

---

[3] Although the Department has requested immediate issuance of a remittitur, neither Mother nor her counsel has stipulated to the immediate

_____
LANGHORNE WILSON, J.

WE CONCUR:


_____
HUMES, P. J.


_____
SMILEY, J.



*Lake County Department of Social Services v. A.S. / A174814*

---

issuance of the remittitur.  We "may direct immediate issuance of a remittitur *only* on the parties' stipulation or on dismissal of the appeal under rule 8.244(c)(2)."  (Cal. Rules of Court, rule 8.272(c)(1), italics added.)  If the parties file a joint application and stipulation to the immediate issuance of a remittitur, the court anticipates it will be granted.